IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| JEFFREY VANCE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Case No. 8:11-cv-03210 (RWT) |
| CHF INTERNATIONAL, et al., | ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

In light of new and expanded arguments in CHF's reply brief, Plaintiffs respectfully request leave to file the attached sur-reply. The sur-reply addresses the following: (1) to determine jurisdiction, statutory rules of construction require a determination of whether Mr. Vance's contract was "performed under" the Foreign Assistance Act; (2) CHF's payment to certain Plaintiffs of funds from a DBA insurance policy is irrelevant to determining the statute's applicability; and (3) CHF's selective provision of materials purportedly supporting its dismissal motion does not negate Plaintiffs' right to obtain discovery on the issue of the Court's subject-matter jurisdiction.

DATED: Februrary 9, 2012

Respectfully submitted,

KLORES PERRY MITCHELL, P.C.

/s/
_____
Scott M. Perry (#14763)
1735 20th Street, N.W.
Washington, DC 20009
P: (202) 628-8100
F: (202) 628-1240
smp@klores.com

KLORES
PERRY
MITCHELL P.C.

1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100
FAX (202) 628-1240

WWW.KLORES.COM

1

Trey Mayfield (DCB # 459998)  
Michael Lewis (DCB # 503311)  
The Lewis Firm PLLC  
901 New York Ave., NW. Ste. 550  
Washington, DC  20001  
Tel: (248) 766-9542  
Fax: (888) 630-6257  
trey.mayfield1988@gmail.com  

*Counsel for Plaintiffs*

2001/mtn.leave



KLORES
PERRY
MITCHELL p.c.

1735 20ᵀᴴ STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100
FAX (202) 628-1240

WWW.KLORES.COM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| JEFFREY VANCE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHF INTERNATIONAL, et al., )<br>)<br>Defendants. )<br>) | Civil Case No. 8:11-cv-03210 (RWT) |

**PLAINTIFFS' SUR-REPLY TO
DEFENDANT CHF'S MOTION TO DISMISS**

**A. The Pertinent Question is Whether the Cooperative Agreement was "Performed Under," Not "Financed Under," the Foreign Assistance Act.**

CHF vigorously rejects the notion that the DBA requires that the contract at issue here, (allegedly) the Cooperative Agreement, must have been "performed under" the FAA for the DBA's exclusivity to attach. CHF's position is flatly contradicted by the plain language of the statute, which provides, in pertinent part, for application of the DBA "[u]nder a contract approved and financed by the United States ... where such contract is to be *performed* outside the continental United States, *under* the [FAA]."[1] 42 U.S.C. § 1651(a)(5) (emphasis added). Relying on *Ross v. DynCorp*, 362 F. Supp. 2d 344 (D.D.C. 2005), CHF maintains that the only question in determining the DBA's applicability is whether a contract was "financed under" the FAA. In *Ross*, the court rejected plaintiffs' claim that because the contract was partially funded by the FAA and partially funded by other sources, the DBA was inapplicable. *Id.* at 353-54. As CHF observes, *Ross* contains no discussion of the DBA's "performed under" language. CHF's

---

[1] Both sides agree the "Mutual Security Act of 1954" cited in the statute was repealed and superseded by the "Foreign Assistance Act of 1961."

1

KLORES PERRY MITCHELL P.C.
1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100
FAX (202) 628-1240
WWW.KLORES.COM

argument that *Ross* has any precedential value is incorrect because *Ross* did not address the issue here.

Invoking *Ross*, CHF runs afoul of the dictate that "courts must construe statutes as they are written" and "may not rewrite them to suit their views or what they think the statutes ought to say or to avoid difficulties in construing and applying them." *Arkansas Oak Flooring Co. v. Louisiana & A.R. Co.*, 166 F.2d 98, 101 (5th Cir. 1958). Statutes should be construed to give operative effect to every clause and word. *Clark v. Arizona*, 548 U.S. 735, 755 (2006); *Ennis v. Green Tree Servicing*, 558 F.3d 343, 346 (4th Cir. 2009). Here, CHF pretends the phrase "performed" preceding "under" in § 1651(a)(5) does not exist. But statutory provisions are presumed not to be superfluous, and effect should be given to all of them. *Blackmon-Malloy v. United States Capitol Police Bd.*, 575 F.3d 699, 709-10 (D.C. Cir. 2009). Hence, "performed" -- as the operative verb -- has a meaning in the statute that must be given effect.

Further, the meaning of "performed" cannot be, as CHF suggests, the same as the term "financed" used earlier in the provision. Where different words are used in a statute, different concepts are presented. *United States v. Hadden*, 475 F.3d 652, 667 (4th Cir. 2007). Had Congress intended for "performed" to mean "financed," it would have simply used the term "financed" again. And had Congress intended the result CHF suggests here, the phrase, "performed outside the continental United States," would have been placed at the beginning of § 1651(a)(5) immediately after "under a contract." Likewise, while Congress could have used the term "financed" instead of "performed" as the verb acting upon "under the Foreign Assistance Act," it did not. The legislative choice to use "performed" instead of "financed" to modify "under the FAA" establishes the DBA's meaning. Where language appears in one

KLORES
PERRY
MITCHELL P.C.
1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100
FAX (202) 628-1240

WWW.KLORES.COM

section of a statute but not another, the omission should be deemed intentional. *Universal Constr. Co. v. OSHRC*, 182 F.3d 726, 729 (10th Cir. 1999).

CHF's construction also ignores "the 'last antecedent rule,' which holds that ordinarily a clause modifies only its nearest antecedent." *Virginia v. Browner*, 80 F.3d 869, 877 (4th Cir. 1996); *see also Barnhart v. Thomas*, 540 U.S. 20, 26 (2003). Here, that means the phrase "financed by" upon which CHF places such great emphasis, modifies only the preceding phrase "under a contract." The plain meaning of § 1651(a)(5)'s introductory clause is that it applies generally to contracts financed by the federal government and entities acting on its behalf, as opposed to contracts by other governmental or private entities.

Statutory construction further requires that specific terms be read to control general terms so as not to render the specific terms superfluous. *Turner v. Rogers*, --- U.S. ---, 131 S.Ct. 2507, 2522 (2011). Under § 1651(a)(5), the general class of federal contracts is controlled by the specific provisions that they be *performed* (1) outside the continental United States; and (2) under the Foreign Assistance Act. The prefatory "financed by" language at § 1651(a)(5)'s beginning cannot be read to obviate the more exacting "performed under" language in its operative section. *See American Fed. Of Gov't Employees, Local 2782 v. Federal Labor Relations Authority*, 803 F.2d 737, 741 (D.C. Cir. 1986) (explaining that no section of a statute should be interpreted to destroy another).

A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant. *Corley v. United States*, 556 U.S. 303, 314 (2009); *Soliman v. Gonzalez*, 419 F.3d 276, 283 (4th Cir. 2005). For § 1651(a)(5), that means the specific controlling verb "performed" in the operative phrase of the statute modifies the following prepositional phrase in the next clause, "under the FAA." CHF's interpretation of

the statute, requiring DBA's application to all contracts financed by FAA, annuls the "performed under" language and does violence to the statutory structure chosen by Congress.

### B. CHF's Payment of DBA Insurance Benefits Is Irrelevant to Determining Whether the DBA is Plaintiffs' Exclusive Remedy.

CHF fallaciously suggests that because it has taken out a DBA insurance policy pursuant to its contract with USAID and benefits have been paid to certain of the named Plaintiffs from that policy, the DBA must apply to their claims. Under CHF's reasoning, an employer can unilaterally pay workers' compensation benefits and thereby foreclose its employees from bringing suit irrespective of whether the employees were covered by the workers' compensation laws. That is absurd. Moreover, it ignores the fact that such an application of the DBA would leave the decedent's mother, a named plaintiff, without a remedy. Unlike the other named Plaintiffs, decedent's mother receives no DBA benefits.

The law determines what legal rights and remedies are available to Plaintiffs, not CHF's decision to purchase insurance. *See Jones v. Halliburton Co.*, 791 F. Supp. 2d 567, 590 (S.D. Tex. 2011) (noting that payment of DBA benefits do not have a preclusive effect on whether common law suit is proper because independent determination of the facts is still necessary); *Boatel, Inc. v. Delamore*, 379 F.2d 850, 854 (5th Cir. 1967) (collecting cases) (rejecting claim that employer's voluntary provision of workers' compensation benefits foreclosed employee from bringing suit to determine compensation under another legal scheme). CHF's election to pay certain of the statutory beneficiaries money from its DBA insurance policy has no legal consequence; either the DBA provides them with their exclusive remedy or it does not.

KLORES
PERRY
MITCHELL p.c.
1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100
FAX (202) 628-1240

WWW.KLORES.COM

### C. Jurisdictional Discovery is Required to Determine Whether Mr. Vance's Contract was "Performed Under" the Foreign Assistance Act.

Notwithstanding CHF's self-serving assertion that all of the evidence necessary to determine the DBA jurisdictional issue was attached to CHF's dismissal brief, that is not CHF's determination to make. Although CHF denies that jurisdiction exists, it is Plaintiffs who bear the burden of demonstrating this Court's jurisdiction by a preponderance of the evidence. *See Warren v. Sessoms & Rogers, P.A.*, 2012 U.S. App. Lexis 552 at *11 (4th Cir. Jan. 11, 2012) (publication pending). Plaintiffs are entitled to obtain discovery to that end. Accordingly, Plaintiffs are entitled to discovery to ascertain the facts controlling the DBA's applicability to Mr. Vance's work for CHF. *See, e.g., Yates v. Motivation Indus. Equip. Ltd.*, 38 Fed. Appx. 174, 175 (4th Cir. 2002) (unpublished opinion); *Gray v. Walt Disney Co.*, 2011 U.S. Dist. Lexis 57058 at *2 (D. Md. May 27, 2011) (unpublished opinion).

DATED: February 9, 2012

Respectfully submitted,

KLORES PERRY MITCHELL, P.C.

_____/s/_____
Scott M. Perry (#14763)
1735 20th Street, N.W.
Washington, DC 20009
P: (202) 628-8100
F: (202) 628-1240
smp@klores.com

Trey Mayfield (DCB # 459998)
Michael Lewis (DCB # 503311)
The Lewis Firm PLLC
901 New York Ave., NW. Ste. 550
Washington, DC 20001
Tel: (248) 766-9542
Fax: (888) 630-6257
trey.mayfield1988@gmail.com

*Counsel for Plaintiffs*

KLORES PERRY MITCHELL P.C.
1735 20TH STREET, N.W.
WASHINGTON, D.C. 20009
(202) 628-8100
FAX (202) 628-1240
WWW.KLORES.COM

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2012, I served a true and accurate copy of the foregoing, Plaintiff's Motion for Leave to File Sur-Reply and Sur-Reply, via the Court's Electronic Filing system, to:

Tara M. Lee, Esquire
Joseph C. Davis, Esquire
DLA Piper, LLP
11911 Freedom Drive, Suite 300
Reston, VA 20190

_____
_____

                                                                  /s/_____
                                                                  Scott M. Perry

2001/surreply



Klores
Perry
Mitchell P.C.

1735 20TH Street, N.W.
Washington, D.C. 20009
(202) 628-8100
Fax (202) 628-1240

www.Klores.com