UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **JEFFREY VANCE, et al.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHF INTERNATIONAL, et al.,**<br><br>**Defendants.** | Civil Action No. 8:11-cv-03210-RWT |

### DEFENDANT CHF INTERNATIONAL'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs' motion for leave to file a sur-reply to Defendant CHF International's ("CHF") motion to dismiss is a transparent attempt to rehash and expand on faulty legal arguments already made in Plaintiffs' opposition. It runs counter to the local rules of the District of Maryland and should be denied. Plaintiffs' paragraph-long motion cites no authority that supports its contention that a sur-reply is appropriate in this instance, and provides only a single clause to explain its request, arguing that a sur-reply is merited, "[i]n light of new and expanded arguments in CHF's reply brief." Plaintiffs' claim is simply incorrect. In drafting its reply brief, CHF was careful only to rebut arguments raised in Plaintiffs' opposition. Accordingly, and as explained below, CHF's reply did not include any "new" arguments. For this reason, Plaintiffs' stated basis for their request for leave to file a sur-reply is wholly without merit.

### ARGUMENT

**I.   Sur-Reply Memoranda are Generally Not Permitted in This District.**

"Generally, sur-reply memoranda are not permitted [in the District of Maryland]." *Tung v. Peters*, Civ. No. 8:09cv576, 2009 WL 5206627 at *4 (D. Md. Dec. 23, 2009); *see* Local Rule

105.2(a) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.")  Accordingly, sur-replies are only permitted in rare instances, such as "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605-06 (D. Md. 2003).  Where a reply memorandum raises no new issues or arguments, the opposing party's opportunity to file a sur-reply is foreclosed.  *See id.* (denying motion for leave to file sur-reply because "a surreply would not provide Plaintiff with her first chance to address [issues raised by Defendant in its motion]" and because Plaintiff "ha[d] already had ample opportunity to contest Defendant's challenge"); *Tung*, 2009 WL 5206627 at *4 (denying motion to for leave to file a sur-reply because defendant did not rely on a new argument or new fact in its reply); *M.Q. v. Balt. Co. Public Schools*, Civ. No. 1:05cv1310, at 1 n.1 (D. Md. Aug. 8, 2005) (denying motion for leave to file sur-reply because "it does not address any new issues raised in the plaintiffs' memorandum in reply to defendant's opposition.") (attached as Exhibit A).

**II.     CHF Raised No New Arguments in Its Reply and Therefore Plaintiffs' Motion for Leave to File a Sur-Reply Should Be Denied.**

CHF's Reply includes only four distinct rebuttal arguments, *none* of which raised new issues or arguments.  First, it argues that "The Defense Base Act clearly applies pursuant to 42 U.S.C. § 1651(a)(5) because funding was provided under the Foreign Assistance Act and defendants maintained requisite insurance."  *See* Def.'s Reply in Supp. of Mot. to Dismiss 3-7, ECF. No. 19.  This argument was raised by CHF in its memorandum in support of its motion to dismiss, *see* Def.'s Mem. of Law in Supp. of Mot. to Dismiss 11-13, ECF No. 6, and was directly opposed by Plaintiffs' opposition.  *See*, Pl.'s Resp. to Def.'s Mot. to Dismiss 7-9, ECF No. 18.  This argument was not first raised in CHF's Reply, and Plaintiffs had ample opportunity to object to it in their Opposition.

CHF's Reply's second argument is that "the Defense Base Act applies pursuant to 42 U.S.C. § 1651(a)(4) because Mr. Vance was employed under a contract related to public work." Def.'s Reply 8-9.  This argument was first raised in CHF's memorandum in support of its motion to dismiss, *see* Def.'s Mem. 13-16, and was directly addressed by Plaintiffs' opposition.  *See* Pl.'s Resp. 5-7.  Again, this argument is not "new," nor is it one that Plaintiffs have not already had the opportunity to respond.

CHF's Reply also directly rebuts an argument raised by Plaintiffs' opposition, that "this case presents, at best, a mixed question of law and fact for which jurisdictional discovery is required."  Pl.'s Resp. 9; *see also* Pl.'s Resp. 10 ("Plaintiffs [should be] able to conduct jurisdictional discovery.")  CHF's Reply directly challenges this argument, explaining in Argument Section C, that "no jurisdictional discovery is necessary to make a determination as to the applicability of the DBA's exclusivity of remedy provisions."  Def.'s Reply 10-12.  Plaintiffs' opportunity to support this claim arose when they first raised the issue in their Opposition; the fact that CHF *did not leave this argument uncontested in its reply* does not open the door to Plaintiffs filing of a sur-reply.

Finally, CHF's Reply argues that "Plaintiffs' claims of intentional infliction of emotional distress should be dismissed for failure to state a claim."  Def.'s Reply 12-13.  As is the case for the three other arguments made in CHF's Reply, this is not the first time CHF has raised this issue.  It was originally briefed in CHF's memorandum in support of its motion to dismiss, *see* Def.'s Mem. 16-17, and was addressed by Plaintiffs' in their opposition.  *See* Pl.'s Resp. 9-10.

As shown, CHF's reply did not include any new legal arguments and did not introduce any additional facts.  Plaintiffs had ample opportunity to – and did, in fact – contest each of the

four points made in CHF's Reply to their Opposition. Accordingly, Plaintiffs' motion for leave to file a sur-reply lacks merit, and should be denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' Motion for Leave to File Sur-Reply should be denied.

Dated: February 14, 2012

Respectfully submitted,

/s/
Tara M. Lee (Bar No. 17902)
Joseph C. Davis (Admitted *Pro Hac Vice*)
DLA Piper LLP (US)
11911 Freedom Drive, Suite 300
Reston, VA 20190-5602
Tara.Lee@dlapiper.com
Joe.Davis@dlapiper.com
Telephone: 703.773.4000
Facsimile: 703.773.5000

*Attorneys for Defendant CHF International*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of February, 2012, I electronically filed the Defendant CHF International's Opposition to Plaintiffs' Motion for Leave to File Sur-Reply with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Bruce J. Klores
> Scott M. Perry
> BRUCE J. KLORES and ASSOCIATES PC
> 1735 20th Street, N.W.
> Washington D.C. 20009
> Telephone: 202.628.8100
> Facsimile: 202.628.1240
> Email: bjk@klores.com
> Email: smp@klores.com
>
> *Attorneys for Plaintiffs*

>     /s/
> Tara M. Lee (Bar No. 17902)
> DLA Piper LLP (US)
> 11911 Freedom Drive, Suite 300
> Reston, VA 20190-5602
> Tara.Lee@dlapiper.com
> Telephone: 703.773.4000
> Facsimile: 703.773.5000
>
> *Attorney for Defendant CHF International*

EAST\47956118