## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **JEFFREY VANCE,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Case No.: RWT 11-3210 |
| | * | |
| **CHF INTERNATIONAL,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

On November 10, 2011, Plaintiffs, the personal representative of the estate of Stephen D. Vance and his wrongful death beneficiaries, filed a six-count complaint against Defendant CHF International ("CHF") and Defendant Unity Resources Group ("URG"), asserting claims for wrongful death; survivorship; loss of consortium; negligent hiring, supervision, training; and intentional infliction of emotional distress, based on the tragic murder of Mr. Vance while he was performing aid work in Pakistan. (Doc. No. 1).

Plaintiffs allege that in 2008, one of CHF's projects was to implement a job creation and workforce development program in Pakistan's Federally Administered Tribal Area ("FATA"), located in northwest Pakistan. Compl. ¶ 13. "The project was funded, in whole or in part, by the United States Agency for International Development ('USAID') via a Cooperative Agreement." *Id.* The Cooperative Agreement required CHF to provide Defense Base Act ("DBA") insurance coverage to its employees working on the Program. Doc. No. 6, Ex. A at C-2. CHF maintains that it "procured [DBA] insurance coverage for Mr. Vance, as exhibited by the fact that Mr. Vance's beneficiaries have been receiving DBA death benefits since January 26, 2009." Doc. No. 6 at 4.

On June 19, 2012, this Court granted CHF's Motion to Dismiss (Doc. No. 6) and URG's Motion to Dismiss (Doc. No. 28), and entered an Order closing this case (Doc. No. 39).  The Court found that it cannot exercise personal jurisdiction over URG, and that it lacks subject matter jurisdiction over Plaintiffs' claims against CHF because DBA insurance is the exclusive civil remedy against CHF for Mr. Vance's death.  (Doc. No. 38).

On July 17, 2012, Plaintiffs' filed a Rule 59 Motion to Vacate Order Dismissing Case Against CHF International, Inc., Based on Newly Discovered Evidence that the Defense Base Act Does Not Apply.  (Doc. No. 40).  On August 3, 2012, CHF filed its Opposition to Plaintiffs' Motion to Vacate Order Dismissing Case.  (Doc. No. 43).  On August 8, 2012, URG filed a Motion on Consent for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b).  (Doc. No. 44).  On August 17, 2012, Plaintiffs filed their Reply in Support of Motion to Vacate Order Dismissing Case as to CHF.  (Doc. No. 45).  The Court is able to decide this matter without a hearing.  *See* Local Rule 105.6 ("Unless otherwise ordered by the Court . . . all motions shall be decided on the memoranda without a hearing.").  For a full recitation of the facts underlying this action, see Plaintiffs' Complaint (Doc. No. 1) and this Court's Memorandum Opinion, signed June 19, 2012 (Doc. No. 38).

**Standard of Review**

Plaintiffs' Motion to Vacate is brought under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a Court to "alter or amend a judgment."  Fed. R. Civ. P. 59(e). "Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment," the Fourth Circuit recognizes that there are "three grounds for amending an earlier judgment:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or

prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

**Analysis**

Plaintiffs argue that, subsequent to the Court's June 19, 2012 Order dismissing their action, they became aware of "new evidence" from USAID demonstrating that the DBA applies only to contracts and not to cooperative agreements like the Cooperative Agreement at issue in this matter. (Doc. No. 40 at 2). Plaintiffs' newly-discovered evidence consists of USAID directives, regulations, and policies, all of which, according to Plaintiffs, exclude cooperative agreements from the reach of the DBA's provisions; specifically, the DBA's provision providing that it is the exclusive civil remedy for claims against an employer that provides DBA coverage for employees. *Id.* at 4. Plaintiffs further argue that USAID's view that cooperative agreements are not contracts is reasonable, that the Court should find that the Cooperative Agreement here is not a contract, and that the Court should vacate its Order because the Order's outcome was controlled by the Court's "misunderstanding" that the Cooperative Agreement is a contract covered by the DBA. *Id.* at 12-13.

Plaintiffs succinctly summarize their argument that this Court should vacate its June 19th Order pursuant to Rule 59(e) as follows: "Plaintiffs have (1) new evidence that was unknown to them prior to the entry of the Court's order; (2) the legal result of which makes clearly erroneous the Court's prior finding of no subject-matter jurisdiction; and (3) vacating the Order as it

pertains to jurisdiction over the claims against CHF would prevent manifest injustice to the Plaintiffs, allowing a merit-based determination of their claims." *Id.* at 3.

CHF argues that Plaintiffs' alleged "newly-discovered evidence" is USAID policy guidance that was available to Plaintiffs throughout the proceedings in this matter. (Doc. No. 43 at 2). CHF argues that Plaintiffs are attempting to present evidence and arguments that could have been presented prior to the Court's entry of judgment, and that Rule 59 does not permit Plaintiffs to address a new legal theory or to present evidence that Plaintiffs could have presented before the Court entered its Order dismissing this action. *Id.* Finally, CHF maintains that the Court's Order does not make a clear error of law, or deliver manifest injustice to Plaintiffs, as it is undisputed that: "(1) CHF provided Mr. Vance with DBA coverage; (2) CHF, Plaintiffs, the DBA carrier, and the Department of Labor ('DOL') agreed that his death was covered by the DBA; and (3) the DOL approved, and Plaintiffs have received, payment of DBA compensation." *Id.* at 3. Defendant further claims that the "DBA is quite clear that its coverage is an exclusive remedy." *Id.*

The Court is unconvinced that Plaintiffs have uncovered any "newly-discovered evidence" that was not accessible to them prior to the Court's June 19th Order. The USAID policy guidance was available to Plaintiffs via the Internet well in advance of the Court's Order. Even if the Plaintiffs only found this information after the Court entered its Order, "reasonable diligence" would have uncovered this information before the hearing. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) ("[T]he movant [under Rule 59(e)] is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.") (emphasis in original).

With respect to Plaintiffs' argument that the Court's Order is marred by a "clear error of law" because the Court declined Plaintiffs' request for jurisdictional discovery, the Court finds no such error.  The Court never directly confronted the legal issue of whether the Cooperative Agreement is a "contract."  The parties presented arguments that assumed that the Cooperative Agreement is a contract.  Moreover, Plaintiffs did not request jurisdictional discovery to uncover whether the Cooperative Agreement is a contract.  *See Pac. Ins. Co.*, 148 F. 3d at 403 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment.").

The Court also finds no manifest injustice here because Plaintiffs are receiving their full remedies under the law.  CHF provided Mr. Vance with DBA coverage.  CHF, Plaintiffs, the DBA carrier, and the DOL agreed that his death was covered by the DBA.  The DOL approved, and Plaintiffs have received, payment of DBA compensation.  The benefits of that coverage are Plaintiffs' exclusive remedy.  *See* 42 U.S.C. § 1651(c) ("The liability of an employer . . . under [the DBA] shall be exclusive and in place of all other liability of such employer . . . ."); *Fisher v. Halliburton*, 667 F.3d 602, 610 (5th Cir. 2012) ("If an employee's injury is covered by the DBA, he is generally precluded from pursuing a tort claim against his employer to recover for the same injury.").[1]

Accordingly, the Court will deny Plaintiffs' Motion to Vacate (Doc. No. 40), and need not reach Plaintiffs' argument that the Cooperative Agreement is not a "contract" as that term is used in the DBA.

---

[1]    If the Plaintiffs' new theory had been advanced prior to this Court's June 19, 2012 Order, the result would not have changed.  For the reasons set forth in CHF's Opposition, the Court concludes that the argument that the DBA remedy is not exclusive is unavailing.  *See* Doc. No. 43 at 14-17.

**Conclusion**

For the foregoing reasons, Plaintiffs' Rule 59 Motion to Vacate Order Dismissing Case Against CHF International, Inc., Based on Newly Discovered Evidence that the Defense Base Act Does Not Apply (Doc. No. 40) will be denied.   Because this holding dismisses the entire action, the Court denies as moot United Resources Group Pte. Ltd.'s Motion on Consent for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (Doc. No. 44).   A separate order follows.

<u>October 18, 2012</u>
Date

<u>                /s/                </u>
Roger W. Titus
United States District Judge